IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:06cr35 (JCC) |
| | ) | |
| RICHARD A. NAEHR, | ) | |
| | ) | |
| Defendant. | ) | |

### **M E M O R A N D U M   O P I N I O N**

Defendant Richard A. Naehr was sentenced to twelve months incarceration by United States Magistrate Judge Theresa Buchanan on January 17, 2006.  He appeals his sentence to this Court.  For the reasons stated below, the Court will deny the appeal.

### **I. Background**

On December 7, 2005, Defendant Richard A. Naehr was charged in a two-count information alleging possession of crack cocaine and disorderly conduct in violation of 21 U.S.C. § 844 and 36 C.F.R. § 2.34(a)(2) respectively.  The drug charge was in response to Defendant's possession of a small pipe and approximately seven small empty bags that contained crack cocaine residue.  After his motion to suppress the evidence of drugs was denied, Defendant pled guilty to the drug charge on January 10, 2006.  The disorderly conduct charge was dismissed.

A presentence report that was prepared for the Defendant recommended a guideline range of nine to twelve months of incarceration based on the Defendant's offense level of 6 and criminal history category of V.  This range fell in Zone C.  Defense counsel argued for a sentence of five months of incarceration and four months of community confinement; the government argued for twelve months incarceration.  The court then imposed a sentence of twelve months incarceration.

The Defendant filed notice of appeal on January 30, 2006.  This appeal is currently before this Court.

## II. Analysis

A district court applies the same standard in reviewing a decision of a magistrate judge just as a court of appeals does in reviewing a decision of a district court.  *Florists' Mut. Ins. Co. v. Tatterson*, 802 F. Supp. 1426, 1431 (E.D. Va. 1992).  Accordingly, "findings of fact are reviewed under a clearly erroneous standard and matters of law are reviewed de novo." *Id.*

Defendant claims that the Magistrate Judge did not comply with 18 U.S.C. § 3553 when she failed to give a sufficient statement of reasons for the sentence, failed to consider all factors relevant to sentencing, and imposed a sentence that was greater than necessary to comply with the purposes of sentencing.  The Court finds that the Magistrate Judge's ruling comported with 18 U.S.C. § 3553, and because the Magistrate Judge sentenced the

Defendant within the guideline range, this Court cannot determine that the sentence was unreasonable.

Section 3553(c) of Title 18 requires that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." While the Court agrees with the Defendant regarding the importance of stating the reasons for imposing the sentence, particularly for appellate review, there is clear evidence that the Magistrate Judge did so in this case. Similarly, the Defendant highlights that 18 U.S.C. § 3553(a) requires the court to consider various listed factors when crafting a sentence for a particular defendant. The Defendant admits that the court need not consider every factor in every case; he continues, however, that when a defendant presents specific factors to the court, it "must at least address them and explain why it finds that they do not warrant a sentence different from the guideline range." (Deft's Appeal 9.) The Court disagrees that there is a requirement of addressing certain factors specifically; in fact, the Fourth Circuit has noted that "[t]he district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion.'" *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). The Magistrate Judge's comments satisfy the requirements for articulating the reason for sentencing and reveals that the necessary factors were taken into consideration. The explanation is especially sufficient

considering that the selected range was within the recommended guideline range.

The Magistrate Judge articulated the Defendant's lengthy criminal record, the frequency of the Defendant's recidivism, and the circumstances surrounding the Defendant's family and community support.  Her statements included, "I don't believe that you're capable of surviving probation," "I don't think you want treatment," and "I think based on your record that I really have no choice but to sentence you to a long period of incarceration."  After noting that "the defendant has eight prior criminal history points, plus two because this offense was committed less than two years after release from imprisonment," she further noted that "I don't think probation, you know and a lesser sentence does anything."  The Magistrate Judge obviously considered the entirety of the Defendant's situation to reach the sentence, which, again, is within the advisory guideline range.

As the sentence of twelve months is reasonable and the sentence was imposed in compliance with 18 U.S.C. § 3553, the Court will deny the Defendant's appeal.

### III. Conclusion

For the above stated reasons, the Court will deny Defendant's appeal from the sentence imposed by the Magistrate Judge on January 17, 2006.

```
April _11_, 2006                    _____/s/_____
Alexandria, Virginia                      James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE
```